**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| MITCHELL DINNERSTEIN,<br><br>               Plaintiff,<br><br>               v.<br><br>STATE OF NEW JERSEY, et al.,<br><br>               Defendants. | Civil Action No. 19-4594 (MAS) (DEA)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court upon Defendants the State of New Jersey (the "State") and the United States of America's (the "Government") (collectively, "Defendants") Motions to Dismiss pro se Plaintiff Mitchell Dinnerstein's ("Plaintiff") Complaint. (ECF Nos. 13, 16.) Plaintiff opposed both Motions. (ECF Nos. 15, 17.) The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Rule 78.1. For the reasons set forth herein, Defendants' Motions are granted.

**I.     BACKGROUND**

In this action, Plaintiff appears to allege that multiple organizations and government agencies at the local, state, and federal level have harassed and discriminated against him over the past thirty years because of his Jewish heritage. In support, Plaintiff itemizes the following nine examples of alleged misconduct.

First, Plaintiff alleges that a New Jersey Deputy Attorney General told him the "only [reason] [he] got a [j]ob and preferential treatment was because [he is] Jewish." (Compl. *6,[1] ECF No. 1.) Plaintiff also alleges he "was denied [u]nemployment insurance." (*Id.*)

Second, Plaintiff alleges that when he worked for the General Services Administration ("GSA") sometime between 1989 and 1991, his "supervisor [repeatedly] touched [his] genitals and made anti-Semitic statements." (*Id.*; Suppl. Filing *27–28, ECF No. 3.) Plaintiff also appears to allege that, after reporting the misconduct, he was retaliated against by being placed in an unhealthy work "environment[] with asbestos, acids, lead, and other things." (Compl. *6.)

Third, Plaintiff states that "[w]hen [he] worked [for] the [B]oard of Social [S]ervices in Toms River[,] [he] was fired for applying for a job and being first on the civil serv[ice] list after the ranking. Then the NJ appellate court made up a fantasy stor[y]" about an unspecified matter. (Compl. *6–7.) Plaintiff also indicates that he suffered from sciatica and that social services and a worker's compensation doctor "lied" about an unspecified matter. (*Id.* at *7.)

Fourth, Plaintiff appears to allege that he has "been denied federally funded Welfare Services" in part because a "[c]orrupt Administrative Judge falsified evidence." (*Id.*)

Fifth, Plaintiff seems to allege that a code enforcement officer in Jackson Township "kept writing false violations" against him for conducting religious services at his residence. (*Id.*)

Sixth, Plaintiff asserts that the Internal Revenue Service ("IRS") "keeps sending him [a] letter saying they owe [him] about $350.00 and need his tax return." (*Id.*) According to Plaintiff, although he has provided the IRS with the requested documentation, Plaintiff has not received any payment. (*Id.*)

---

[1] Page numbers preceded by an asterisk refer to the page number of the ECF header.

Seventh, Plaintiff alleges that State officials and the inspection department of Jackson Township stole a $10,000 grant he obtained as a result of Superstorm Sandy. (*Id.*)

Eighth, Plaintiff states that he "injured [his] [a]chilles tendon because . . . no one [was] working with [him] and [he was] constantly being harass[ed] at Burlington County College." (*Id.*) Plaintiff also notes that the Burlington County College matter was at the time pending before the Third Circuit Court of Appeals. (*Id.*)

Finally, Plaintiff alleges that he applied for social security but the "local Social Security Office kept lying, a State agency kept lying, and [he] was turned . . . down." (*Id.* at *8.) Plaintiff also alleges "the Social Security court in Chicago will not give [him] the discovery [he] asked for and an employee of the clerk's office said [he] should just go to court without seeing it." (*Id.*)

Based on these allegations, on February 4, 2019, Plaintiff filed the instant action against Defendants.[2] (*See generally* Compl.) Plaintiff alleges he has "been and [is] being denied [his] equal rights" under the United States Constitution and New Jersey Constitution. (*Id.* at *6.) Plaintiff also alleges he has been injured "financial[ly], physical[ly], [and] emotional[ly]." (*Id.* at *9.) Plaintiff seeks, *inter alia*, $50,000,000. (*Id.* at *11.) Since the filing of the Complaint, Plaintiff has submitted supplemental material in support of his claims. (ECF Nos. 2–6.) Defendants now move to dismiss for lack of subject-matter jurisdiction and failure to state a claim.

## II.    LEGAL STANDARD

Rule 8(a)(2)[3] "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and

---

[2] Plaintiff also named the New Jersey Education Association, the "IUOE Union at GSA," and the "Union at Ocean County Board of Social Services" as defendants in this matter. (Compl. *2.)

[3] All references to a "Rule" or "Rules" hereinafter refer to the Federal Rules of Civil Procedure.

the grounds upon which it rests[.]'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (first alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). In determining the sufficiency of a pro se complaint, the Court must construe the pleading liberally in favor of the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007). Moreover, "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" *Id.* at 94 (citation omitted). Even a pro se pleading, however, is required to "set forth sufficient information to outline the elements of [a] claim or to permit inferences to be drawn that these elements exist." *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993) (citation omitted). The Court need not credit a pro se plaintiff's "bald assertions" or "legal conclusions." *See Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). "Thus, a pro se complaint may be dismissed for failure to state a claim only if the allegations set forth by plaintiff cannot be construed as supplying facts in support of a claim, which would entitle the plaintiff to relief." *Rhett v. N.J. State Superior Ct.*, No. 07-2303, 2007 WL 1791264, at *2 (D.N.J. June 19, 2007) (citing *Milhouse v. Carlson*, 652 F.2d 371, 373 (3d Cir. 1981), *aff'd*, 260 F. App'x 513 (3d Cir. 2008).

## III.   DISCUSSION

### A.   The Government

The Complaint appears to name the Government as a Defendant in connection with allegations made against three federal agencies: the GSA, the IRS, and the Social Security Administration ("SSA"). (*See* Compl. *6–8.) In moving to dismiss, the Government argues that: (1) it is immune from suit; (2) personal jurisdiction is lacking; and (3) the Complaint fails to state a claim. (Gov't's Moving Br. 10–17, ECF No. 16-1.)

As a threshold matter, the Court finds that it lacks personal jurisdiction over the Government. "Before the District Court can exercise personal jurisdiction over the United States,

'the procedural requirements of service of a summons must be satisfied.'" *Sanders v. United States*, No. 14-7157, 2015 WL 248439, at \*3 (D.N.J. Jan. 20, 2015) (quoting *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 87, 104 (1987)). "Where a plaintiff has failed to effectuate proper service, the Court is without jurisdiction over the defendants and is constitutionally powerless to proceed to an adjudication of any of the claims raised." *Id.*

To effectuate service upon the Government, "a plaintiff must both serve the United States Attorney's Office ('USAO') in the district in which the action is filed and 'send a copy of [the summons and complaint] by registered or certified mail to the Attorney General of the United States." *Id.* (alteration in original) (quoting Fed. R. Civ. P. 4(i)(1)(A)-(B)). Here, the Government avers that Plaintiff "never served the Attorney General of the United States[.]" (Gov't's Moving Br. 14.) In fact, Plaintiff filed proof of service as to the USAO but has not demonstrated that he served the Attorney General. (*See* Service \*15–16, ECF No. 12.) Plaintiff, therefore, has failed to establish that he served the Government in accordance with Rule 4(i)(1). The Court, accordingly, finds that it lacks personal jurisdiction over the Government.

Even if personal jurisdiction existed, the Court cannot find that Plaintiff has stated a plausible claim for relief. The Complaint contains mostly unintelligible allegations and fails to identify any specific cause(s) of action or provide adequate details about the alleged wrongdoing. Instead, in a cursory manner, the Complaint alleges that the IRS has not sent Plaintiff an owed payment and that the SSA "kept lying" about an unspecified matter. (Compl. \*7.) Without more, the Court cannot discern a cognizable cause of action. The Court also notes that Plaintiff's allegations against the GSA date back over thirty years and thus are presumably barred by any applicable statute of limitations. Based on the foregoing, the Court grants the Government's Motion to Dismiss.

**B.**     **The State**

As with the allegations against the Government, the Complaint contains little in the way of factual averments or details about Plaintiff's claims. Instead, the Complaint offers no more than bare conclusory allegations of discrimination. For example, Plaintiff states that a New Jersey Deputy Attorney General told him that the "only [reason] [he] got a [j]ob and preferential treatment was because [he is] Jewish." (Compl. *6.) In doing so, however, Plaintiff does not adequately indicate what adverse employment action he may have suffered. Nor does Plaintiff provide an approximate time frame of when the alleged misconduct occurred. If the alleged adverse employment action is the denial of unemployment benefits, Plaintiff must provide more factual support in order to permit the Court to draw a reasonable inference that such denial was the result of unlawful discrimination. Plaintiff's conclusory assertions of discrimination are not sufficient. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (The Court may ignore legal conclusions or factually unsupported accusations that merely state "the-defendant-unlawfully-harmed-me.").

In addition, the Court notes that some of Plaintiff's allegations seem to have already been litigated in some form. As to the allegations that the Board of Social Services unlawfully terminated his employment, Plaintiff points out that the New Jersey Superior Court, Appellate Division, was involved in that matter. (Compl. *6–7.) Indeed, in 2006, the Appellate Division affirmed the dismissal of Plaintiff's challenge to the board's promotional process. *In re Dinnerstein*, No. 05-2957, 2006 WL 2787291, at *1 (N.J. Super. Ct. App. Div. Sept. 29, 2006). Thus, Plaintiff's claim against the board may be barred by res judicata or the applicable statute of limitations. Likewise, with respect to the harassment allegations against Burlington County College, the Court appears to have already adjudicated those claims. *See Dinnerstein v. Burlington Cnty. Coll.*, No. 13-5598, 2017 WL 5593776, at *36 (D.N.J. Nov. 21, 2017) (granting the

defendant summary judgment as to Plaintiff's discrimination, hostile work environment, and retaliation claims brought under Title VII), *aff'd*, 764 F. App'x 214 (3d Cir. 2019), *cert. denied*, 140 S. Ct. 507 (2019). But because the Complaint's allegations are vague and lack factual detail, the Court cannot decisively reach a conclusion one way or the other.[4]

For the reasons set forth above, Plaintiff's Complaint is dismissed.[5] *See El Mujaddid v. Brewer*, 808 F. App'x 73, 76 (3d Cir. 2020) ("A district court may sua sponte dismiss a complaint for failure to comply with Rule 8 when the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." (internal quotation marks and citations omitted)). The Court will allow Plaintiff an opportunity to amend his Complaint to adhere to the pleadings requirements of Rule 8(a) set forth above.

## IV.   CONCLUSION

For the reasons set forth above, Defendants' Motions to Dismiss are granted. Plaintiff's Complaint is dismissed. The Court will enter an Order consistent with this Memorandum Opinion.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

---

[4] The Court notes that Plaintiff appears to have served Jackson Township even though Jackson Township is not named as a defendant in the Complaint. (*See* Certification of Serv. 22–23; *see* Compl. *1–2.) As with the rest of the allegations, however, Plaintiff's allegations against Jackson Township lack sufficient factual averments and details to state a plausible claim for relief.

[5] At this time, the Court declines to address Defendants' arguments concerning immunity.